IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

GREAT DIVIDE,                          )   CIVIL NO. 05-00608 ACK-LEK
                                       )
          Plaintiff,                   )
                                       )
     vs.                               )
                                       )
AOAO MALUNA KAI ESTATES,               )
                                       )
          Defendant.                   )
_____       )

**REPORT OF SPECIAL MASTER ON DEFENDANT'S
MOTION FOR AWARD OF ATTORNEY FEES**

Before the Court, pursuant to a designation by Senior United States District Judge Alan C. Kay, is Defendant AOAO Maluna Kai Estates' ("Defendant") Motion for Award of Attorney Fees ("Motion"), filed May 30, 2007.  Defendant requests $31,552.50 in attorney's fees and $3,115.94 in non-taxable expenses, for a total of $34,668.44.

In accord with Rule 7.2(d) of the Local Rules of Practice of the United States District Court of the District of Hawai`i ("Local Rules"), the Court finds these matters suitable for disposition without a hearing.  After reviewing the parties' submissions and the relevant case law, the Court FINDS and RECOMMENDS that the Motion should be GRANTED IN PART and DENIED IN PART.  The Court recommends that the district court DENY Defendant's request for attorneys' fees given this Court's finding, as set forth below, that the claims are not in the

nature of assumpsit.  The Court recommends that the district court GRANT Defendant's request for non-taxable costs in the amount of $3,115.94.

## BACKGROUND

Plaintiff Great Divide ("Plaintiff") commenced the instant action on September 21, 2005, seeking a declaratory judgment regarding the rights and liabilities of the parties arising out of a general liability insurance policy issued by Plaintiff.  Plaintiff sought a declaration that it did not have a duty to defend or indemnify Defendant from an underlying claim brought by the family of a two year old girl, who drowned in the swimming pool located in the common area of the property owned by the members of Maluna Kai ("Rogers' claim").  The basis for Plaintiff's claim was a swimming pool exclusion in the subject policy.  On April 11, 2006, Plaintiff filed a First Amended Complaint, adding a claim to rescind the subject policy ab initio based on allegations that Defendant made misrepresentations in obtaining the policy.  On March 2, 2007, the Court approved the stipulation entered into by the parties to dismiss the rescission claim with prejudice.

Following a bench trial in April 2007, the Court determined that Plaintiff had a duty to defend and indemnify Defendant from the Rogers' claim, which entitled Defendant to judgment on all counts.  On May 16, 2007, the Court entered

judgment in favor of Defendant.  Plaintiff has since appealed the judgment to the Ninth Circuit.

In the instant Motion, Defendant argues that as the prevailing party on all issues, it is entitled to attorneys' fees and non-taxable expenses pursuant to Hawai'i Revised Statutes § 607-14.

On June 27, 2007, Plaintiff filed its Opposition.  As an initial matter, Plaintiff concedes that it does not dispute Defendant's requested non-taxable expenses nor does it dispute the reasonableness of the requested attorneys' fees.  It does, however, contest Defendant's entitlement to fees because neither the declaratory relief claims nor rescission claim are in the nature of assumpsit.  Specifically, Plaintiff argues that rescission claims that do not seek monetary damages or restitution, as here, are not in the nature of assumpsit. Likewise, Plaintiff maintains that declaratory relief claims without accompanying monetary damages, such as its claims, are not in the nature of assumpsit.  Plaintiff additionally argues that even if the rescission is in the nature of assumpsit, Defendant is not entitled to all of its fees relating to the same given that Defendant incurred the bulk of its fees after the parties dismissed the rescission claim.  Based on its apportionment of the fees, Plaintiff submits that $3,750.65 should be attributed to the rescission claim and $27,801.86

should be attributed to the declaratory relief claims.

On July 9, 2007, Defendant filed its Reply.  Defendant first points out that Plaintiff's action was premised on diversity jurisdiction and expressly stated that the matter in controversy exceeded $75,000.  Defendant additionally characterizes Plaintiff's prayer for attorneys fees and costs as a demand for monetary judgment.  As such, Defendant claims that Plaintiff is estopped from denying that its action is in the nature of assumpsit.  According to Defendant, Plaintiff's rescission claim also sought monetary relief by requesting an order rescinding the subject policy "and requiring the return of the premium paid to Great Divide **less any offset allowed by law or equity**."  [Reply at 3 (quoting First Amend. Compl., prayer for relief at ¶ 3).]

Defendant further reiterates that both the declaratory judgment action and the rescission action are in the nature of assumpsit.  Lastly, Defendant contends that it would not be practicable to apportion the attorneys' fees because most were incurred concerning the suit as a whole.

## DISCUSSION

## I.   Attorneys' Fees

A federal court sitting in diversity must apply state law in determining whether the prevailing party is entitled to attorneys' fees.  See Farmers Ins. Exch. v. Law Offices of

4

<u>Conrado Joe Sayas, Jr.</u>, 250 F.3d 1234, 1236 (9th Cir. 2001).
Under Hawai'i law, "[o]rdinarily, attorneys' fees cannot be
awarded as damages or costs unless so provided by statute,
stipulation, or agreement."  <u>Stanford Carr Dev. Corp. v. Unity
House, Inc.</u>, 111 Hawai'i 286, 305, 141 P.3d 459, 478 (2006)
(citation and quotation marks omitted).

> **A.    Timeliness of Motion**

        Motions for attorneys' fees and costs "must be filed no
later than 14 days after entry of judgment[.]"  Fed. R. Civ. P.
54(d)(2)(B); <u>see</u> <u>also</u> Local Rule 54.3(a).  "Rule 54(a) defines
'judgment' as including 'any order from which an appeal lies' and
'posits a relationship between a judgment and its appealability.'
<u>Pavlovich v. Nat'l City Bank</u>, 461 F.3d 832, 836 (6th Cir. 2006)
(quoting <u>Castro County, Texas v. Crespin</u>, 101 F.3d 121, 128 (D.C.
Cir. 1996)).  The Court entered judgment on May 16, 2007.  On May
30, 2007, Defendant timely filed its Motion.

> **B.    Applicability of Hawai'i Revised Statutes § 607-14**

        Defendant seeks an award of fees pursuant to Hawai'i
Revised Statutes § 607-14, which states, in pertinent part:

> In all the courts, in all actions in the nature of
> assumpsit and in all actions on a promissory note
> or other contract in writing that provides for an
> attorney's fee, there shall be taxed as attorneys'
> fees, to be paid by the losing party and to be
> included in the sum for which execution may issue,
> a fee that the court determines to be reasonable;
> provided that the attorney representing the
> prevailing party shall submit to the court an
> affidavit stating the amount of time the attorney

5

spent on the action and the amount of time the
attorney is likely to spend to obtain a final
written judgment, or, if the fee is not based on
an hourly rate, the amount of the agreed upon fee.
The court shall then tax attorneys' fees, which
the court determines to be reasonable, to be paid
by the losing party; provided that this amount
shall not exceed twenty-five per cent of the
judgment.

Haw. Rev. Stat. § 607-14.  A court awarding attorneys' fees

pursuant to § 607-14 must apportion the fees claimed between

assumpsit and non-assumpsit claims, if practicable.  See Blair v.

Ing, 96 Hawai'i 327, 332, 31 P.3d 184, 189 (2001).

### 1.   Prevailing Party

Defendant argues that it is the prevailing party as to

all claims, pursuant to the Judgment entered on May 16, 2007.

Section 607-14 states that reasonable attorneys' fee shall be

taxed in favor of the prevailing party and against the losing

party in an action in the nature of assumpsit.  The Hawai'i

courts have noted that "'[i]n general, a party in whose favor

judgment is rendered by the district court is the prevailing

party in that court, plaintiff or defendant, as the case may be.

. . .'"  MFD Partners v. Murphy, 9 Haw. App. 509, 514, 850 P.2d

713, 716 (1992) (quoting 6 J. Moore, W. Taggart & J. Wicker,

Moore's Federal Practice ¶ 54.70[4], at 54-323–54-324, (2d ed.

1992)) (some alterations in original); see also Village Park

Cmty. Ass'n v. Nishimura, 108 Hawai'i 487, 503, 122 P.3d 267, 283

(Haw. Ct. App. 2005) (quoting MFD Partners).  Thus, under Hawai'i

law, in order to be deemed the prevailing party for purposes of § 607-14, Defendant must have obtained final judgment in its favor. Insofar as the Court entered final judgment in Defendant's favor and against Plaintiff with respect to the declaratory judgment claims, Defendant is the prevailing party as to those claims.

Although the parties stipulated to dismiss the recession claim with prejudice, Defendant is also the prevailing party for the rescission claim.  "[A] dismissal of [an] action, albeit voluntary, is sufficient to deem a defendant to be the prevailing party and the plaintiff the losing party." <u>Ranger Ins. Co. v. Hinshaw</u>, 103 Hawai'i 26, 31, 79 P.3d 119, 124 (2003). Indeed, "'[t]here is no requirement that the judgment in favor of the prevailing party be a ruling on the merits of the claim.'" <u>Id.</u> (quoting <u>Wong v. Takeuchi</u>, 88 Hawai'i 46, 49, 961 P.2d 611, 614 (1998)) (alteration in original); <u>see also</u> <u>Blair</u>, 96 Hawai'i at 331, 31 P.3d at 189 ("[A] defendant who succeeds in obtaining a judgment of dismissal is a prevailing party for the purpose of fees under HRS § 607-14.").  The Ninth Circuit acknowledged <u>Wong</u> by recognizing that "any dismissal that results in judgment is sufficient to support an award of attorneys' fees under Hawai'i law." <u>Ranger</u>, 103 Hawai'i at 31, 79 P.3d at 124 (citing <u>Kona Enters. v. Estate of Bernice Pauahi Bishop</u>, 229 F.3d 877, 889 (9th Cir. 2000)).  Moreover, the court stated that it "has

7

similarly held that a voluntary dismissal of a diversity action with prejudice is 'tantamount to a judgment on the merits' for purposes of attorneys' fees awards." <u>Id.</u> (quoting <u>Kona Enters.</u>, 229 F.3d at 889) (quotations and citation omitted).  In the instant case, the parties' voluntary dismissal with prejudice of the rescission claim is therefore tantamount to a judgment on the merits and Defendant is the prevailing party.

### 2.   <u>Nature of the Claims</u>

The Court's next inquiry is whether the claims are in the nature of assumpsit.  "Assumpsit is a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations."  <u>808 Dev., LLC v. Murakami</u>, 111 Hawai'i 349, 366, 141 P.3d 996, 1013 (2006) (citation, emphases, and quotation marks omitted).

With respect to the declaratory judgment claims, Plaintiff sought a declaration by the Court that it did not owe a duty to defend or indemnify Defendant for the Rogers' claims. [First Amend. Compl., prayer for relief at ¶¶ 1-2.]  Regarding the rescission claim, Plaintiff sought "[a]n order rescinding the subject policy and requiring the return of the premium paid to Great Divide less any offset allowed by law or equity." [<u>Id.</u> at ¶ 3.]  Plaintiff additionally requested costs, attorneys' fees, and any further relief deemed just and proper for all three

8

claims.  [Id. at ¶¶ 4-6.]

　　　　　Plaintiff argues that the claims are not in the nature
of assumpsit because they only sought equitable relief.
Defendant counters that Plaintiff's request for attorneys' fees
in connection with all claims estops Plaintiff from denying that
the claims are in the natures of assumpsit.  "An action that
seeks only a declaration as to a party's rights or
responsibilities, even if factually implicating a contract, is
not 'in the nature of assumpsit.'"  Chock v. Gov't Employees Ins.
Co., 103 Hawai'i 263, 268, 81 P.3d 1178, 1183 (2003) (holding
that the defendant insurance company could not recovery
attorneys' fees because HRS § 607-14 does not provide for the
recovery of attorneys' fees in declaratory judgment actions).
This is because "[w]hen the recovery of money damages is not the
basis of a claim factually implicating a contract, the action is
not 'in the nature of assumpsit.'"  Id. (quoting Leslie v. Estate
of Tavares, 93 Hawai'i 1, 7, 994 P.2d 1047, 1053 (2000))
(quotations omitted) (alteration in original).  For the same
reasons, a claim for rescission, unaccompanied by a claim for
restitution, is not in the nature of assumpsit.  Leslie, 93
Hawai'i at 7, 944 P.2d at 1053 ("Because an equitable claim for
relief is not in the nature of assumpsit, . . . it was the claim
for restitution accompanying the rescission claim that cast the
action 'in the nature of assumpsit.'" (citations omitted)).  It

9

is well-established in Hawaiʻi then that declaratory judgment
actions and rescission actions that do not seek monetary damages
are not in the nature of assumpsit.

The instant case presents the question of whether
Plaintiff's prayer for attorneys' fees changes the character of
the claims from non-assumpsit to assumpsit.  In <u>Ranger</u>, the
Hawaiʻi Supreme Court held that the plaintiff insurance company's
declaratory action was in the nature of assumpsit because the
plaintiff sought consequential damages, namely the reimbursement
of attorneys' fees and costs expended in the defense of the
underlying tort case.  <u>Ranger</u>, 103 Hawaiʻi at 33-34, 79 P.3d at
126-27.  Here, the attorneys' fees sought do not constitute
consequential damages, as they pertain to the instant action, not
a separate action.

Defendant cites Ninth Circuit case law to support its
position that it is nevertheless entitled to attorneys' fees.  It
is well-established that "[w]hen there is a doubt as to whether
the action is in assumpsit or tort, there is a presumption that
the suit is in assumpsit." <u>Jorgensen v. Cassiday</u>, 320 F.3d 906,
919 (9th Cir. 2003) (quoting <u>Leslie</u>, 93 Hawaiʻi at 6, 94 P.2d at
1052 (citing <u>Healy-Tibbitts Constr. Co. v. Hawaiian Indep.
Refinery, Inc.</u>, 673 F.2d 284, 286 (9th Cir. 1982))); <u>see also</u>
<u>Helfand v. Gerson</u>, 105 F.3d 530, 537 (9th Cir. 1997).  "Further,
a plaintiff's prayer for attorney fees is a significant

10

indication that the action is in assumpsit." Id. (citing Healy-Tibbitts, 673 F.2d at 286).   The presumption in favor of assumpsit is thus strengthened when a plaintiff prayed for attorneys' fees in his complaint.  Jorgenson, 320 F.3d at 919 (citation omitted).   In fact, a plaintiff can be estopped from denying that his action is in the nature of assumpsit when he has claimed statutory attorneys' fees.  Healy-Tibbits, 673 F.2d at 286.

> If it were doubtful in the light of these allegations, whether this was an action ex delicto or in assumpsit, the doubt would be resolved against the plaintiff since he himself until the filing of the bill of costs evidently regarded it as being in assumpsit (Whittenton Mfg. Co. v. Memphis Packet, 21 F. 896, 901).   In his prayer for judgment he asks for attorney's commissions, a prayer wholly inappropriate in any action other than assumpsit."

Id. (quoting Braham v. Honolulu Amusement Co., 21 Haw. 583, 584 (1913)).

These principles are inapplicable here.  Chock and Leslie clearly establish that declaratory judgment and rescission actions are not in the nature of assumpsit, which distinguishes this case from the foregoing Ninth Circuit cases.  In Jorgenson, for example, the court determined that the plaintiff was presumptively entitled to attorneys' fees under HRS § 607-14 because he requested attorneys' fees in his complaint *and* because "his complaint sought damages for breach of contract and pled facts that gave rise to breach of contract issues."  Jorgenson,

11

320 F.3d at 919.  The court therefore had a basis for finding that the action was in the nature of assumpsit separate and apart from the prayer for attorneys' fees; that is, the plaintiff sought monetary damages.

In <u>Healy-Tibbits</u>, the complaint included seven assumpsit claims and two tort claims, which raised doubt as to whether the action was in assumpsit or tort.  <u>Healy-Tibbits</u>, 673 F.2d at 286.  The court held that "even if the two additional counts that sounded in tort raised a doubt as to whether or not the action was in assumpsit, the fact that the plaintiff prayed for attorneys' fees in his original complaint means that doubt should be resolved in favor of the defendant."  <u>Id.</u>  Despite its holding, however, the court cautioned that "not every complaint that joins claims sounding in contract with claims sounding in tort need be considered a case 'in the nature of assumpsit.'" <u>Id.</u>

Here, although Plaintiff prayed for attorneys' fees in its original complaint, it did not seek damages nor did the complaint include tort claims that would give rise to any doubt as to whether or not the claims were in the nature of assumpsit. <u>Helfand</u>, 105 F.3d at 537 ("The character of the action should be determined from the facts and issues raised in the complaint, the nature of the entire grievance, and the relief sought." (citation omitted)).  Defendant maintains that Plaintiff's prayer for

12

attorneys' fees is a prayer for damages which casts the claims in the nature of assumpsit.  The Court disagrees.  The relevant authority does not stand for such a proposition.  In all cases, the prayer for attorneys' fees alone did not render a claim in the nature of assumpsit.  Rather, other factors, which by themselves cast the claims in the nature of assumpsit, led the courts to determine that the claims were in the nature of assumpsit.

Defendant also argues that Plaintiff's prayer for relief regarding the rescission claim - that the premium be returned for the subject policy subject to any offset permitted by law or equity - constitutes monetary damages.  Given the equitable character of all three claims, this Court is not persuaded that Plaintiff's prayer amounts to monetary damages that would convert an otherwise non-assumpsit claim into one in the nature of assumpsit.  The Court accordingly finds that Plaintiff did not seek any monetary damages for any of the claims that would transform them from non-assumpsit to assumpsit claims.  Moreover, because there is no doubt about the nature of the claims, the aforementioned presumption is inapplicable.  This Court thus finds that the claims are not in the nature of assumpsit and consequently, Defendant is not entitled to attorneys' fees even though it prevailed on all claims.  The Court RECOMMENDS that the district court deny Defendant's

13

requested attorneys' fees.

## II.   <u>Costs</u>

In addition to attorneys' fees, Defendant requests costs under §607-14.  Plaintiff does not oppose Defendant's request and in fact concedes that Defendant is entitled to its costs in full.

Defendant requests the following non-taxable costs:[1]

| | |
|---|---|
| Copying | $  185.76 |
| Travel | $1,100.07 |
| Transcript | $1,722.71 |
| Postage | $  107.40 |
| **Total** | **$3,115.94** |

[Mem. in Supp. of Mot. at 10.]

The Court notes that Defendant does not provide any detail about the requested costs.  For example, he has not

---

[1] Although Defendant characterizes these costs as non-taxable, the Court notes that the copying and transcript costs are allowable taxable costs, to which Defendant would be entitled as the prevailing party.  Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]"  Fed. R. Civ. P. 54(d)(1).  The Local Rules provide that "[t]he party entitled to costs shall be the prevailing party in whose favor judgment is entered, or shall be the party who prevails in connection with a motion listed in 54.2(b)."  Local Rule 54.2(a).  As already established, Defendant is the prevailing party.
The Court further notes that HRS § 607-9 expressly permits "intrastate travel expenses for witnesses and counsel, expenses for deposition transcript originals and copies, and other incidental expenses, including copying costs, intrastate long distance telephone charges, and postage, sworn to by an attorney or a party, and deemed reasonable by the court."  Haw. Rev. Stat. § 607-9.

indicated:  what copies were made and at what per-page rate; what proceedings the travel expenses were related to; the subject matter of all the requested transcripts; and what the requested postage was related to.  This makes it difficult to determine whether the costs were reasonably and necessarily incurred. Insofar as Defendant's counsel stated in a declaration that the costs accurately and truly reflect all costs incurred and Plaintiff does not contest the requested costs, however, this Court finds that the amount requested is manifestly reasonable. Moreover, these types of fees are commonly incurred in litigation and typically passed on to fee paying clients.  This Court accordingly RECOMMENDS that the district court award Defendant's non-taxable costs in full.

## CONCLUSION

In accordance with the foregoing, this Court, acting as Special Master, FINDS and RECOMMENDS that Defendant's Motion for Award of Attorney Fees, filed May 30, 2007, be GRANTED IN PART and DENIED IN PART.  The Court recommends that the district court DENY Defendant's request for attorneys' fees given this Court's finding that the claims are not in the nature of assumpsit.  The Court recommends that the district court GRANT Defendant's request for non-taxable costs in the amount of $3,115.94.

IT IS SO FOUND AND RECOMMENDED.

15

DATED AT HONOLULU, HAWAI`I, July 30, 2007.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**GREAT DIVIDE V. AOAO MALUNA KAI ESTATES**; CIVIL NO. 05-00608 ACK-LEK; REPORT OF SPECIAL MASTER ON DEFENDANT'S MOTION FOR AWARD OF ATTORNEY FEES